IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DONALD STEPHENS                                                                                     PLAINTIFF

v.                                          CASE NO. 13-CV-6011

LESLIE JESSUP                                                                                       DEFENDANT

MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Defendant Leslie Jessup. ECF No. 38. Plaintiff Donald Stephens has responded. ECF. No. 44. Jessup has filed a reply. ECF No. 45. This matter is ripe for the Court's consideration.

BACKGROUND

This action arises out of an incident in which Plaintiff Donald Stephens was accused of theft at Oaklawn Jockey Club in Hot Springs, Arkansas.[1] On February 6, 2010, Stephens claims that he won a sum of money playing slot machines, cashed out his ticket, and left the casino. Stephens returned later that evening and purchased another gaming ticket for use in a slot machine.

While playing the ticket, Defendant Leslie Jessup, a uniformed Hot Springs policeman, and other Oaklawn security personnel approached Stephens as he played the ticket. Jessup and the security personnel accused Stephens of stealing the cashed-out ticket from another patron who had been playing the slot machine. They detained Stephens for approximately twenty minutes while other Oaklawn employees reviewed surveillance footage to determine whether the

---

[1] The Court notes that Stephens has not filed a statement of material facts as to which he contends a genuine dispute exists to be tried. *See* Local Rule 56.1(c). Thus, all material facts set forth in the statement filed by Jessup (ECF No. 39) are deemed admitted. *See* Fed. R. Civ. P. 56(e)(2) and Local Rule 56.1(c).

ticket was stolen. Stephens denied stealing the ticket. Jessup told Stephens to be quiet and asked him if he understood his rights. Jessup also told Stephens that he could either go to jail or pay back the money that he received from cashing the stolen ticket. Stephens replied that he had $300 in his vehicle. Jessup escorted Stephens to his vehicle, and he retrieved the money. Stephens handed the money over to Oaklawn personnel. Jessup waited with Stephens for approximately forty-five minutes while Oaklawn employees searched for the patron whose ticket had allegedly been stolen. Jessup then told Stephens that he could go home.

On November 4, 2010, Stephens filed suit against Oaklawn in the Circuit Court of Pulaski County, Arkansas, alleging that Oaklawn, through its "agents, servants and employees . . . acting within the scope and course of their employment," committed false imprisonment, conversion, defamation, violation of civil rights, and intentional infliction of emotional distress. ECF No. 38-2, p. 5. The court granted summary judgment in favor of Oaklawn on the civil rights claim, and the remaining tort claims proceeded to trial.[2] A jury returned a verdict in favor of Oaklawn. Jessup was not a party to the state court action.

On February 6, 2013, Stephens filed the present action against Jessup,[3] alleging the same causes of action that were alleged in state court: false imprisonment, conversion, defamation, violation of civil rights, and intentional infliction of emotional distress. Jessup moved the Court to dismiss the Complaint against him, arguing that Stephens's claims were barred by the doctrine of *res judicata*. The Court granted the motion. On appeal, the Eighth Circuit reversed, finding that the record before it "[d]id not conclusively show that the issues raised in the present action were actually litigated and determined in the 2010 case." *Stephens v. Jessup*, 793 F.3d 941, 944

---

[2] In the state court action, the jury was instructed that, at the time of the occurrence, Oaklawn and Jessup were employer and employee. ECF No. 3, p. 7.

[3] Stephens also named Amtote International, Inc., as a defendant in this action. The Court, however, dismissed Stephens's claim against Amtote, and Stephens did not timely appeal that order. *See Stephens v. Jessup*, 793 F.3d 941, 943 (8th Cir. 2015).

2

(8th Cir. 2015).  The case was remanded back to this Court for further proceedings.  Jessup argues that he is entitled to summary judgment on all five causes of action.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995).  The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986).  A fact is material only when its resolution affects the outcome of the case.  *Anderson*, 477 U.S. at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id*.  The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *Krenik*, 47 F.3d at 957.  A party opposing a properly supported motion

for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

First, the Court will address Stephens's argument that the Court should defer considering Jessup's summary judgment motion to allow time for more discovery. Federal Rule of Civil Procedure 56(d) provides that, if a nonmovant shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his position, the Court may defer considering the motion. Here, Stephens has failed to produce the Rule 56(d) affidavit necessary to postpone a summary judgment decision. He further fails to state what specific facts further discovery in this case might uncover. Both Stephens and Jessup were deposed in the state court action against Oaklawn. That case, which was premised on the same factual allegations that are at issue here, proceeded all the way through discovery and to trial. Moreover, the discovery deadline in this case ended on April 4, 2016, and Stephens has not requested to supplement his response to the summary judgment motion with any facts that he uncovered during discovery. For these reasons, the Court declines to postpone its ruling on Jessup's summary judgment motion.

The Court will now consider whether Jessup is entitled to summary judgment on Stephens's claim for violation of civil rights pursuant to 42 U.S.C. § 1983.[4] Section 1983 provides a civil action against any persons acting under color of state law who cause a deprivation of any rights, privileges, or immunities secured by the United States Constitution or federal statute. 42 U.S.C. § 1983. Under section 1983, public servants may be sued in their

---

[4] Although the complaint is unclear, the Court assumes that Stephens is alleging a claim pursuant to both the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-105, and 42 U.S.C. § 1983. The Court will first address the section 1983 claim, which is the federal claim upon which the Court's original jurisdiction is based.

official capacity, their individual capacity, or both. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

In the present case, Stephens alleges in his complaint that Jessup, a police detective, violated his constitutional rights.[5] The complaint does not specify in what capacity Jessup is being sued. The caption of the complaint names "Leslie Jessup" as a defendant and is silent as to the capacity in which he is sued. The body of the complaint notes that Jessup is a detective with the Hot Springs Police Department (ECF No. 1, p. 1.) and contains no clear statement of specific pleading of individual capacity. The Eighth Circuit has repeatedly held that, in order to sue a public official in his individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings; otherwise, it will be assumed that the defendant is sued only in his official capacity. *E.g.*, *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016); *Remington v. Hoopes*, 611 F.App'x. 883, 885 (8th Cir. 2015); *Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007); *Johnson*, 172 F.3d at 535. Because Stephens's complaint does not contain an express statement that Jessup is being sued in his individual capacity, the Court construes the suit as against Jessup in his official capacity. *See Johnson*, 172 F.3d at 535.[6]

A suit against a public employee in his or her official capacity is merely a suit against the public employer. *Id.* Here, the suit against Jessup in his official capacity is a suit against the city of Hot Springs, Arkansas. A city may not generally be held vicariously liable under section 1983

---

[5] Stephens generally alleges that Jessup has caused a deprivation of his constitutional rights, but he does not clearly identify the specific constitutional right allegedly infringed. *See* ECF No. 1, ¶¶ 23-24. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266 (1994) (quotation omitted). The first step in bringing a section 1983 claim is "to identify the specific constitutional right allegedly infringed." *Id.* Here, the complaint is unclear as to which constitutional rights Stephens alleges were infringed by Jessup. Nevertheless, Jessup is entitled to summary judgment on the section 1983 claim for the reason discussed in this opinion.

[6] The Court notes that Stephens originally filed his complaint *pro se*, but he has been represented by an attorney in this case since at least November 19, 2015. Jessup filed his summary judgment motion on January 7, 2016, in which he argued that Stephens did not expressly sue Jessup in his individual capacity. ECF No. 40. The deadline to amend pleadings expired on February 4, 2015. Stephens has never sought leave of court to amend his complaint.

5

for the unconstitutional acts of its employees. *Id*. A city, however, "may be held liable for the unconstitutional acts of its employees when those acts implement or execute an unconstitutional policy or custom" of the city. *Id*. In the present case, Stephens offers no proof that any alleged deprivation of his constitutional rights was the result of a policy or custom of the city of Hot Springs. Stephens effectively concedes that he has failed to offer such proof. ECF Nos. 44, p. 9 and 44-1, p. 7. Accordingly, Jessup, sued in his official capacity, is entitled to summary judgment on Stephens's claim for alleged civil rights violations pursuant to section 1983.

The Court turns now to the remaining state claims based upon the Arkansas Civil Rights Act and the torts of false imprisonment, conversion, defamation, and intentional infliction of emotional distress. Because the Court has dismissed the only claim over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over these remaining state claims. *See* 28 U.S.C. § 1367(c).

## CONCLUSION

For the reasons stated above, the Court finds that Defendant Leslie Jessup's Motion for Summary Judgment (ECF No. 38) should be and hereby is **GRANTED** as to Plaintiff Donald Stephens's claims pursuant to 42 U.S.C. § 1983. The section 1983 claims are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over the remaining state claims, and these claims are **DISMISSED WITHOUT PREJUDICE**. A Judgment of even date consistent with this opinion shall issue.

IT IS SO ORDERED, on this 11th day of July, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge