IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DONALD STEPHENS                                                                            PLAINTIFF

v.                              Case No. 6:13-cv-6011

LESLIE JESSUP                                                                   DEFENDANT

ORDER

Before the Court is a Motion to Enforce Settlement filed by Defendant Leslie Jessup. ECF No. 76. Plaintiff Donald Stephens has responded. ECF. No. 77. This matter is ripe for the Court's consideration.

BACKGROUND

This action arises out of an incident in which Plaintiff Donald Stephens was accused of theft at Oaklawn Jockey Club in Hot Springs, Arkansas, and detained by Defendant Leslie Jessup. Stephens filed the present action against Jessup,[1] alleging the following causes of action: false imprisonment, conversion, defamation, violation of civil rights, and intentional infliction of emotional distress. Jessup claims that the parties reached an oral agreement to settle this matter but that Stephens refuses to honor the agreement.

Jessup's counsel, Jim Simpson, asserts that, during a telephone call with Stephens's counsel, Maximillan Sprinkle, Simpson offered to settle this lawsuit for $6,000.00. Sprinkle replied that he needed to speak with Stephens about the offer. On the morning of November 20,

---

[1] Stephens also named Amtote International, Inc., as a defendant in this action. The Court, however, dismissed Stephens's claim against Amtote, and Stephens did not timely appeal that order. *See Stephens v. Jessup*, 793 F.3d 941, 943 (8th Cir. 2015).

2018, Simpson called Sprinkle to inquire about the status of the settlement offer. Sprinkle stated that Stephens had rejected the offer. In response, Simpson asked if there was a counteroffer, and Sprinkle stated that it would take $20,000.00 to settle the case. Simpson asked Sprinkle to confirm that Stephens was making an offer to settle the lawsuit in full for $20,000.00. Sprinkle confirmed, and Simpson responded "we accept," apparently arriving at an oral agreement. Simpson and Sprinkle then discussed settlement documents, and Simpson agreed to draft and file the documents with the Court.

Later that same day, Sprinkle called Simpson and expressed that Stephens was unhappy with the settlement and wanted to increase the agreed upon settlement amount. Simpson refused to increase the settlement amount on behalf of Jessup, and no settlement documents have been filed with the Court. According to Simpson, Stephens has failed to abide by the terms of the settlement agreement by refusing to accept the settlement amount and dismiss the case.

## LEGAL STANDARD

Basic principles of contract formation govern the existence and enforcement of settlement agreements. *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006) (citing *In re Airline Ticket Comm'n Antitrust Litig.*, 268 F.3d 619, 623 (8th Cir. 2001)). "Courts will enforce contracts of settlement if they are not in contravention of law." *DaimlerChrysler Corp. v. Smelser*, 289 S.W.3d 466, 470 (Ark. 2008) (citing *McCoy Farms, Inc. v. J & M McKee*, 563 S.W.2d 409 (1978)). "The essential elements of a contract include (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations." *Id*. (citing *Ward v. Williams*, 118 S.W.3d 513, 521 (Ark. 2003)). A court should keep in mind two legal principles when deciding whether a valid contract was entered into: (1) a court cannot make a contract for the parties but can only construe and enforce the contract that they have made; and (2) to make a

2

contract there must be a meeting of the minds as to all terms, using objective indicators. *Id.* (citing *Alltel Corp. v. Sumner*, 203 S.W.3d 77, 80 (Ark. 2005)). Further, a party to a voluntary settlement agreement cannot avoid the agreement simply because the agreement ultimately proves to be disadvantageous or because he later feels that the amount of the settlement is unsatisfactory. *Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir. 1985) (citing *Trnka v. Elanco Prods. Co.*, 709 F.2d 1223, 1227 (8th Cir.1983)); *Rutherford v. Rutherford*, 98 S.W.3d 842, 845 (Ark. App. 2003) ("One party's displeasure with an agreement that she had previously entered into is no ground for relief.").

## DISCUSSION

In the present case, Stephens does not dispute the existence or terms of the settlement agreement.[2] Stephens also does not dispute the facts surrounding the settlement negotiations as set forth by Jessup. Simpson explicitly asked Sprinkle if Stephens was offering to settle this lawsuit for $20,000.00. Sprinkle confirmed and Simpson accepted on behalf of Jessup. There is no dispute that the parties' attorneys came to a mutual understanding that Stephens would dismiss this matter for the sum of $20,000.00.[3] Stephens makes no argument and there is no evidence in the record that any of the essential elements of a contract are missing with respect to the settlement agreement. Thus, the Court finds that a valid and enforceable oral settlement contract was formed.

It appears that Stephens is attempting to avoid being bound by the oral agreement to settle and dismiss all claims against Jessup for $20,000.00 because Stephens now believes the sum to be inadequate. However, as discussed above, this is not a lawful reason for Stephens to avoid the

---

[2] Stephens filed a response to the instant Motion to Enforce Settlement, but the response does not address the settlement agreement issue. ECF No. 77. Further, the response does not dispute any of the facts or circumstances presented by Jessup relating to the formation of the settlement agreement.

[3] A client is bound by the actions of his attorney regarding matters which the attorney is employed or held out to be the spokesman of the client. *Barnes v. Barnes*, 843 S.W.2d 835, 838 (Ark. 1992).

agreement. *See Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1055 (8th Cir. 2003) (citing *Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir.1985)) ("[T]he fact that a party decides after the fact that a contract is not to its liking does not provide a reason to suppose that a contract was not in fact formed or to release that party from its obligation."). Accordingly, the Court finds that the Motion to Enforce Settlement should be granted.

CONCLUSION

For the reasons stated above, the Court finds that Defendant Leslie Jessup's Motion to Enforce Settlement (ECF No. 76) should be and hereby is **GRANTED**. The terms of the oral settlement agreement shall be enforced. Jessup is directed to deliver to Stephens the settlement check on or before January 11, 2019. It is further ordered that this case is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to vacate this order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

IT IS SO ORDERED, on this 3rd day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge